## COMMONWEALTH *vs.* WILLIAM PUTNAM.

Although it is proved that a witness in a criminal case is actuated by malice against the defendant, the court should not instruct the jury to disregard his testimony altogether; but, after giving proper cautions, leave it for them to say how much credit shall be given to it.

INDICTMENT against the defendant as a common seller of intoxicating liquors. At the trial in the superior court, there was evidence tending to show that Horace Murdock, a witness for the Commonwealth, was actuated by malice, and had made some of the purchases of liquor to which he testified for the purpose of obtaining evidence against the defendant; and the defendant's counsel requested the court to instruct the jury that, if this was true, it was their duty to disregard his testimony altogether. But *Lord*, J instructed them that these considerations went to the credit of the witness, and, if the facts were true, they should look with great caution and distrust upon his evidence; but still it was for them to say how much credit should be given to it. The defendant was convicted, and alleged exceptions.

*W. Griswold*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. The instructions were clearly right, and substantially in conformity with those suggested by this court, as being appropriate to testimony coming from a person standing in the position in which it appeared that the witness in behalf of the government was placed at the trial of this cause. *Commonwealth* v. *Downing*, 4 Gray, 29. *Exceptions overruled.*